UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMMIE LEE WOODS,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC SURVEILLANCE UNIT,<br><br>Defendant. | Case No. 14-cv-01713 (CRC) |

**MEMORANDUM OPINION**

Plaintiff Sammie Lee Woods, a federal prisoner, challenges the government's response to his Freedom of Information Act ("FOIA") request for electronic surveillance records authorized by Title III of the Omnibus Crime Control and Safe Streets Act (Title III), 18 U.S.C. §§ 2510 <u>et seq.</u>  The Criminal Division of the Department of Justice ("DOJ"), of which the Electronic Surveillance Unit ("ESU") is a part, has withheld all responsive records under FOIA exemptions 3, 5, 6, and 7(C) and Privacy Act exemption (j)(2).  Before the Court is DOJ's motion for summary judgment.  Upon consideration of the parties' submissions and the entire record, the Court will grant DOJ's motion for the reasons explained below.

**I. Background**

In November 2003, a jury in the U.S. District Court for the District of Colorado convicted Woods of conspiracy to distribute 50 grams or more of crack cocaine, possession with intent to distribute crack cocaine, and use of a communication facility to further a drug-trafficking scheme.  <u>United States v. Woods</u>, 469 Fed. App'x 683, 684 (10th Cir. 2012) (unpublished).  In a FOIA request to ESU dated September 26, 2012, Woods sought "a certified copy of the action memorandum: In Re Case: 01-cr-00214-WYD-19.10Th Cir. WESTERN DISTRICT OF COLORADO."  Def.'s Mot. Summ. J., Ex. A, ECF No. 17-2.  He also sought

1

> the authorization document which is a memorandum with the proper designated official to the Director of OEO, authorizing the Application for Title III surveillance, and a copy of the Attorney's General delegation Order from 2000, 2001, 2002, which identifies those individuals to whom the Attorney General had delegated authority to authorize Title III Applications, and if they were duly appointed by the President of the United States and confirmed by the Senate.

Id. In a letter dated January 22, 2013, the Criminal Division informed Woods that a search had located no responsive records. Def.'s Mot. Summ. J., Ex. C. He resubmitted his request in March 2014. Id. Ex. D. In a letter dated May 19, 2014, the Criminal Division informed him that no search was conducted because any responsive records would be exempt from disclosure under FOIA Exemption 3.[1] Id. Ex. E.

Woods appealed the May 19 determination to DOJ's Office of Information Policy ("OIP"). Id. Ex. F. In a letter dated July 16, 2014, OIP affirmed the determination "on partly modified grounds." Id. Ex. G. Although OIP upheld the Exemption 3 determination, it offered to reconsider the appeal if Woods "provide[d] evidence that any electronic surveillance records have been unsealed by a court." Id. OIP cited FOIA Exemption 5 as an additional basis for withholding any responsive records. Id. On October 14, 2014, Woods filed a complaint in this Court challenging ESU's withholdings.[2]

**II. Standard of Review**

Congress passed "FOIA . . . 'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" ACLU v. U.S. Dep't of Justice, 655 F.3d 1, 5

---

[1] See 5 U.S.C. § 552(b) (listing FOIA exemptions).

[2] While Woods also alleges in general terms that the government "continue[s] to violate [his] due process rights," Pl.'s Sur-Reply, ECF No. 27, the sole basis for the relief sought is DOJ's withholding of documents in response to a FOIA request, see Pl.'s Mot. Under Vaughn, ECF No. 20 ("[T]his action is SOLELY about . . . being denied access to [Plaintiff's] FOIA request."). Accordingly, the Court construes Woods's suit as a FOIA action.

(D.C. Cir. 2011) (quoting U.S. Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976)). The statute imposes a general obligation on the government to provide records to the public. See 5 U.S.C. § 552(a). Although FOIA provides exemptions to this general obligation to disclose, see 5 U.S.C. § 552(b), "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed," NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). Thus, FOIA "exemptions are 'explicitly made exclusive,'" Milner v. U.S. Dep't of Navy, 562 U.S. 562, 565 (2011) (quoting EPA v. Mink, 410 U.S. 73, 79 (1973)), and they "must be 'narrowly construed,'" id. (quoting FBI v. Abramson, 456 U.S. 615, 630 (1982)).

FOIA cases are appropriately decided on motions for summary judgment. See Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011). In deciding a summary-judgment motion, the Court assumes the truth of the non-movant's evidence and draws all reasonable inferences in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The government bears the burden of establishing that its claimed exemptions apply to each document for which it invokes an exemption. ACLU v. U.S. Dep't of Def., 628 F.3d 612, 619 (D.C. Cir. 2011). The government cannot satisfy this burden with affidavits that are vague or conclusory, or that merely parrot the statutory standard. Consumer Fed'n of Am. v. U.S. Dep't of Agric., 455 F.3d 283, 287 (D.C. Cir. 2006). The declarations should describe the justifications for withholding in "specific detail, demonstrat[ing] that the information withheld logically falls within the claimed exemption." ACLU, 628 F.3d at 619. When demonstrating that a FOIA exemption applies to some portion of a document withheld, "the agency must [also] provide a 'detailed justification' for its non-segregability," Johnson v. Exec. Office for U.S. Attorneys, 310 F.3d 771, 776 (D.C. Cir. 2002) (quoting Mead Data Cent., Inc. v. U.S. Dep't of

Air Force, 566 F.2d 242, 261 (D.C. Cir. 1977)), and the agency should "describe what portion of the information in a document is non-exempt and how that material is dispersed throughout the document," Mead Data Cent., 566 F.2d at 261.

An "agency's task is not herculean"; a justification suffices "if it 'appears logical or plausible.'" Murphy v. Exec. Office for U.S. Attorneys, 789 F.3d 204, 209 (D.C. Cir. 2015) (quoting Larson v. U.S. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009)).  An agency "may invoke [FOIA] exemptions independently and courts may uphold agency action under one exemption without considering the applicability of the other." Larson, 565 F.3d at 862–63.

## III. Analysis

Although Woods's FOIA request is imprecise, it is undisputed that he seeks records created in accordance with Title III.[3] "The purpose of [that] statute is to control the conditions under which interception will be permitted in order to safeguard the privacy of wire and oral communications." Lam Lek Chong v. DEA, 929 F.2d 729, 732 (D.C. Cir. 1991). To that end, "Title III safeguards privacy in the first instance by significantly restricting the initiation of electronic surveillance . . . . All surveillance is subject to prior judicial approval, issued in

---

[3] The Court has liberally construed Woods's untitled document, ECF No. 23, and his Reply to Defendant's Motion, ECF No. 27, together as his Opposition to Defendant's motion. In the untitled document, Plaintiff states that he "simply requested who was the person that was authorized to sign wire-taps applications from 1999-2000 and was this person appointed by the President of the United States and confirmed by the Senate." Pl.'s Opp'n Def.'s Mot. Summ. J., ECF No. 27, at 2. This restatement of the request indicates a basic misunderstanding about FOIA. FOIA's purpose is to provide access to existing documents in an agency's control "at the time the FOIA request [is] made." Judicial Watch, Inc. v. U.S. Secret Service, 726 F.3d 208, 216 (D.C. Cir. 2013) (quoting U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 145 (1989)). FOIA does not "require[] an agency to answer questions disguised as a FOIA request, . . . or to create documents or opinions in response to an individual's request for information." Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985), aff'd, 808 F.2d 137 (D.C. Cir. 1987); see also Maydak v. U.S. Dep't of Justice, 254 F. Supp. 2d 23, 46 (D.D.C. 2003) (finding a request consisting of "a series of questions or requests for information . . . beyond the scope of the FOIA").

accordance with detailed application procedures and on a showing and finding of probable cause." Id.

To apply for a wiretap order, a federal prosecutor "must first obtain permission from the appropriate DOJ official, which includes the Assistant Attorney General for the Criminal Division ('AAG') and his/her deputies." Decl. of John E. Cunningham III ¶ 14, ECF No. 17-1. DOJ's internal process requires the prosecutor to submit the request to the Office of Enforcement Operations ("OEO") and consult with that office's ESU attorney. Upon finalizing the request, the ESU attorney drafts an action memorandum and recommendation to the AAG. If the AAG finds the request compliant with Title III, the AAG sends an approval memorandum to OEO, and that memorandum "together with the Attorney General's delegation order, is provided to the prosecutor, who files it under seal with the Court, together with the Title III application, special agent's affidavit, and proposed Court orders." Id.

The Court finds that the government has justified withholding documents Woods appears to request—that is, an action memorandum and several AAG memoranda—under FOIA exemptions 3 and 5. The Court will therefore not address Defendant's valid justifications for withholding the third-party information contained in those documents under FOIA exemptions 6 and 7(C).

**A. Exemption 3**

FOIA Exemption 3 permits agencies to withhold documents pursuant to nondisclosure provisions contained in other federal statutes. 5 U.S.C. § 552(b)(3). The statute must either "leave no discretion" on withholding the document or establish "particular criteria for withholding or refer[] to particular types of matters to be withheld." Id. § 552(b)(3)(A)(i)-(ii). In this regard, Exemption 3 "'differs from other FOIA exemptions in that its applicability

depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage.'" ACLU v. CIA, 892 F. Supp. 2d 234, 242 (D.D.C. 2012) (quoting Goland v. CIA, 607 F.2d 339, 350 (D.C. Cir. 1978)). "Title III falls squarely within the scope of [Exemption 3], as a statute referring to '*particular types of matters to be withheld*.'" Lam Lek Chong, 929 F.2d at 733.

In accordance with 18 U.S.C. § 2517 and § 2518(8)(b), the government withheld the following categories of responsive records: (1) the prosecutors' requests for permission to apply for court authorization (including applications) supporting law-enforcement affidavits, and proposed orders; (2) the OEO's action memoranda to the AAG recommending approval of the requests, and (3) the AAG's memoranda to the OEO advising about the approval of the request, including a copy of the AG's delegation of authority to the AAG.  Cunningham Decl. ¶ 19.

Section 2518(8)(b) requires wiretap "applications made and orders granted" to be sealed by the judge and "disclosed only upon a showing of good cause before a judge of competent jurisdiction."  Section 2517 restricts the use and disclosure of wiretap communications to "investigative or law enforcement officer[s] . . . to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure." See Lam Lek Chong, 929 F.2d at 734 (noting that § 2517 "permits just three types of disclosure," two by law-enforcement officers for specified purposes and the third "by any person while giving testimony under oath") (citing § 2517(3)).

The declaration and Vaughn index submitted by DOJ provide detailed descriptions of the withheld records, and they sufficiently explain why the documents are exempt from disclosure under Exemption 3.  The judges of this Court have consistently approved the government's

withholding of the requested memoranda because their release would "'necessarily disclose[] information that must be protected under Title III[.]'" Wright v. U.S. Dep't of Justice, 2015 WL 4910502, at *6 (D.D.C. Aug. 17, 2015) (quoting Dorsey v. DEA, 85 F. Supp. 3d 211, 217 (D.D.C. 2015)); Sinito v. U.S. Dep't of Justice, No. 87-0814 TFH, 2000 WL 36691372 (D.D.C. Jul. 12, 2000), aff'd, 22 Fed. App'x 1 (D.C. Cir. 2001)); Butler v. U.S. Dep't of Justice, No. 86-2255, 1994 WL 55621 (D.D.C. Feb. 3, 1994). Woods has not come forward with any evidence that any of the Title III documents he seeks have been unsealed or were the subject of sworn testimony. Hence, Defendant is entitled to summary judgment on the Exemption 3 claim.

### B. Exemption 5

FOIA Exemption 5 covers "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This means, in effect, privileged documents that originated with the agency. U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001). "Exemption 5 incorporates the work-product doctrine and protects against the disclosure of attorney work product," *i.e.*, "materials 'prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).'" Judicial Watch, Inc. v. U.S. Dep't of Justice, 432 F.3d 366, 369 (D.C. Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(3); Tax Analysts v. IRS, 117 F.3d 607, 620 (D.C. Cir. 1997)).

In addition to the Title III records properly withheld under Exemption 3, the government withheld OEO Title III System Logging Notes, other memoranda, and letters under Exemption 5 as attorney work-product and deliberative-process material. See Def.'s Mot. Summ. J., Ex. H (Vaughn Index). The logging notes record OEO's receipt of a prosecutor's request "for

permission to apply for a Title III order with respect to specified telephone numbers." Cunningham Decl. ¶ 24b. They include the target's name, the name and address of the telephone subscriber, the name of the ESU reviewer, and the user name of the ESU employee who created the note. Id.

Defendant's declarant avers that each document listed as Exemption 5 material was prepared by an attorney (or at the attorney's direction) "as part of the wiretap application process" and "in anticipation of . . . a criminal prosecution of the individuals allegedly involved in the criminal activity that was evidenced by the Court-ordered interceptions." Id. ¶ 26. "Courts in this district have routinely found similar records to be properly withheld under the attorney work-product privilege of Exemption (b)(5)." Wright, 2015 WL 4910502, at *10 (citing cases); see also Campbell v. U.S. Dep't of Justice, No. CV 14-1350 (RJL), 2015 WL 5695208, at *6 (D.D.C. Sept. 28, 2015) (approving similar withholdings). Although the logging notes "possess a partially administrative character," the fact that they were compiled in anticipation of a specific criminal prosecution qualifies them as attorney work product. Thompson v. U.S. Dep't of Justice, 2015 WL 7303519, at *9 (D.D.C. Nov. 19, 2015) (citing "other courts in this district, faced with virtually identical facts," that have "reached the same conclusion"). And "[i]f a document is fully protected as work product, then segregability is not required." Judicial Watch, Inc., 432 F.3d at 371. Hence, Defendant is entitled to summary judgment on the Exemption 5 claim.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment. An Order accompanies this Memorandum Opinion.

        CHRISTOPHER R. COOPER
        United States District Judge

Date:   February 22, 2016